# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEVEN BAYLIS,
              Plaintiff,

v.

MICHAEL ASTRUE, Commissioner of
Social Security
              Defendant.

Civil Action No. 09-2217

## MEMORANDUM

August 9, 2010                                                                                                                Pollak, J

      On January 28, 2010, United States Magistrate Judge Linda K. Caracappa filed a Report and Recommendation ("R&R," Docket No. 12) in this social security appeal by Michael Baylis ("plaintiff"). On review of the administrative record, Judge Caracappa concluded that the Administrative Law Judge ("ALJ"), Margaret A. Lenzi, did not err in: (1) rejecting particular opinions of Dr. Esterhai and Dr. Steinberg, (2) assessing plaintiff's subjective complaints regarding pain and work limitations, and (3) determining plaintiff's residual functional capacity ("RFC").[1] *See* R&R 21, 23, 26 & 28. Judge Caracappa

---

[1] An individual's RFC helps to determine whether he can work on a regular and continuing basis. The RFC takes into account a claimant's medical records, observations made during medical examinations, claimant's described limitations, and observations made by others

1

concluded that plaintiff's request for review should be denied. *See* R&R 29. On February 15, 2010 plaintiff filed a timely objection to the R&R. *See* Docket No. 13. Michael Astrue, Commissioner, Social Security Administration, ("defendant") did not respond to plaintiff's objections.

I.      Standard of Review in a Social Security Action

This court reviews de novo the objected-to sections of an R&R. *Cf. Rupard v. Astrue*, 627 F. Supp. 2d 590, 594 (E.D. Pa. 2000) (explaining the standard of review for a Magistrate's Report and Recommendation); 28 U.S.C. § 636(b)(1)(C). Factual findings by the Commissioner must be accepted as true if supported by substantial evidence. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971) (citing the authority granted to the Commissioner in 42 U.S.C. § 405(g)). Substantial evidence is, "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1983)). Therefore, I cannot set aside the ALJ's conclusions, if they are supported by substantial evidence, solely because I would have determined the factual inquiry differently. *E.g.*, *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (discussing the standard of review under 42 U.S.C. § 405(g)).

Plaintiff has filed specific objections to the R&R. As one objection is dispositive, I will only briefly summarize the procedure in a social security action and the other

---

of claimant's limitations. *See* 20 C.F.R. § 404.1545(a).

objections. This matter is remanded to the ALJ to deal with plaintiff's GRID objection.

II.     The Standard for Determining Disability Benefits

Under Title II of the Social Security Act, individuals who suffer from a disability are provided insurance benefits. 42 U.S.C. § 423(a)(1)(D). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to qualify for disability benefits, a person must prove that he cannot engage in any substantial gainful activity due to a physical or mental impairment that has lasted or will continue to last for a period no less than twelve months. *See Morales v. Apfel*, 225 F.3d 310, 315-16 (3d Cir. 2000) (applying the standard set forth in 42 U.S.C. § 423(d)(1)(A) for awarding social security disability insurance benefits and supplemental security income).

Under 20 C.F.R. § 404.1520(a)(4) there is a five-step analysis for determining whether an individual is entitled to disability benefits:

> At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled. At the fourth step,

> we consider our assessment of your residual functional capacity and your
> past relevant work. If you can still do your pastJune 28, 2010 relevant
> work, we will find that you are not disabled. At the fifth and last step, we
> consider our assessment of your residual functional capacity and your age,
> education, and work experience to see if you can make an adjustment to
> other work. If you can make an adjustment to other work, we will find that
> you are not disabled. If you cannot make an adjustment to other work, we
> will find that you are disabled.

20 C.F.R. § 404.1520(a)(4)(I)-(v) (references to other regulations omitted). At issue in this case are steps four and five, which deal with the RFC.

III.     Procedural History

Baylis first filed an application for disability benefits on July 23, 2004. *See* R&R at 2. On October 14, 2004 his application was denied. *Id.* On September 15, 2005, plaintiff again filed an application, alleging a different onset date, and was denied these benefits on February 15, 2006. *Id.* Plaintiff then requested a hearing before an ALJ, and on January 31, 2007, ALJ Lenzi first heard Baylis's complaints. *Id.* ALJ Lenzi denied plaintiff's application and Baylis appealed. *Id.* The Appeals Council granted plaintiff's request for review and remanded the matter to ALJ Lenzi with instructions to re-evaluate plaintiff's subjective complaints of pain and reconsider the weight accorded to plaintiff's treating physicians. *Id.* On November 19, 2007, ALJ Lenzi reviewed the matter and reclassified plaintiff's RFC from medium exertional work, which includes light and sedentary work, to light exertional work, which includes sedentary exertional work, yet denied benefits. Tr. 32. Plaintiff again requested review by the Appeals Council and was

4

denied. *See* R&R at 3. Plaintiff appealed ALJ Lenzi's November 19, 2007 decision to this court.

Judge Caracappa's R&R discussed plaintiff's three objections to ALJ Lenzi's decision: (1) that the ALJ was wrong in rejecting plaintiff's treating physicians' opinions; (2) that the ALJ did not accord enough weight to the plaintiff's testimony; and (3) that the ALJ incorrectly assessed plaintiff's RFC. *See* R&R at 18. Judge Caracappa examined all three objections and dismissed each. First, Judge Caracappa found that ALJ Lenzi sufficiently explained her November 19, 2007 decision that she was not obligated to accept certain doctors' opinions regarding plaintiff's disability and could instead credit the determination made by a more contemporaneous physician. *Id.* at 20 & 23. Second, the R&R states that ALJ Lenzi did not need to "explicitly reference every piece of evidence and testimony submitted," *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001), and therefore did not err in picking and choosing which complaints and opinions to evaluate without discussing those not included. *Id.* at 25. Third, the R&R states that ALJ Lenzi did not err in her RFC determination (a) that her assessment of which doctors to credit was valid, (b) that the only complete RFC assessment in the record found that plaintiff was capable of heavier workload than ALJ Lenzi did, and (c) that ALJ Lenzi correctly noted certain limitations, such as plaintiff's reduced grip in his right upper extremity. *Id.* at 27-28. The R&R concluded that plaintiff's request for review be denied. *See* R&R at 28.

Baylis has asserted two overall objections to ALJ Lenzi's RFC assessment which he believes were not adequately addressed by Judge Caracappa: (1) that the assessment does not appropriately follow the GRID scheme located in 20 C.F.R § 404, Subpart P, Appendix 2,[2] which would find based upon the plaintiff's: (a) age, (b) education, (c) RFC, and (d) past work experience that he is disabled, and (2) that the RFC does not adequately take into account the plaintiff's limitations and pain. Plaintiff also objects to the ALJ's weighing of medical evidence.

IV. Discussion of Plaintiff's Objections to the Report and Recommendation

The Third Circuit has stated that the GRID serves as a matrix for determining whether or not a claimant can continue his past work by combining the claimant's: (1) age, (2) RFC, (3) education, and (4) past work experience. *See Podedworny v. Harris*, 745 F.2d 210, 216 (3d Cir. 1984) (explaining the evaluation procedures under 20 C.F.R. § 404.1520). "Once the ALJ has determined as a matter of fact into which category a claimant's age, education, work experience, and residual functional capacity fit, the guidelines *direct* a conclusion concerning a claimant's disability." *Podedworny*, 745 F.2d at 216 (citing 20 C.F.R. § 404, Subpart P, Appendix 2, § 200.00(a)) (emphasis in

---

[2] 20 C.F.R. § 404, Subpart P, Appendix 2, "Medical Vocational Guidelines" contains tables which correspond to each RFC. Each table then takes into account the individual's: (1) RFC, (2) age, (3) education, and (4) previous work experience, and then states a decision: disabled or not disabled. The ALJ's assessment of plaintiff's ability to perform light exertional, work places his analysis under Table No. 2, "Residual Functional Capacity: Maximum Sustained Work Capacity Limited to Light Work as a Result of Severe Medically Determinable Impairment(s)."

6

original). In *Podedworny*, as in the present case, the claimant's eligibility benefits hinged on a determination of whether the claimant's skills were transferable. *Id.*

The plaintiff, born on October 9, 1953, is now 56 years old. Tr. 36. A claimant's age is decided chronologically. 20 C.F.R. § 404.1563(a). Plaintiff now falls within the "person of advanced age" category, as he is older than 55. 20 C.F.R. § 404.1563(e).[3] Under the GRID scheme, if plaintiff's skills were determined to be transferable, he would not be entitled to benefits. However, if the ALJ determined that his skills are not transferable, he would be entitled to disability benefits. 20 C.F.R. § 404, Subpart P, Appendix 2.[4] In the disability hearing conducted on remand, ALJ Lenzi came to the following conclusions: that plaintiff was unable to perform his past relevant work, and that plaintiff's RFC was classified as light exertional work. Tr. 37-38. ALJ Lenzi incorrectly found that transferability of job skills was not material to the determination of disability benefits because the Medical-Vocational Rules did not support a finding of disability whether or not the claimant's job skills were transferable. Tr. 37. The independent vocational expert, Sherry Kristal-Turetsky, classified plaintiff's past work as

---

[3] Under 20 C.F.R. § 404.1563(e) a claimant is of advanced age if he is 55 or older because age then significantly affects the individual's ability to adjust to other work. When a person reaches 60 or older he is considered to have reached retirement age under 20 C.F.R. § 1568(d)(4).

[4] Under Table No. 2, "Residual Functional Capacity: Maximum Sustained Work Capacity Limited to Light Work as a Result of Severe Medically Determinable Impairment(s)" of the "Medical Vocational Guidelines" plaintiff is disabled due to his (1) RFC, (2) age, (3) education, and (4) past work experience.

a transmission mechanic as skilled, and found that no skills were transferable to the skilled or semi-skilled jobs at the light exertional level. *Id.* As Baylis's benefits hinge on the transferability of his skills, the ALJ must therefore determine whether or not plaintiff's skills are transferable.

IV. Conclusion

The plaintiff's objection regarding his status as disabled under the GRID must be addressed upon remand. Whether the plaintiff's skills are transferable will affect his entitlement to disability benefits. I, therefore, find that the matter must be remanded to the Commissioner and do not address the other two objections.